ANTOON, Judge.
The state appeals an order dismissing felony charges, including armed burglary of a dwelling and armed false imprisonment. In light of the United States Supreme Court’s recent ruling in United States v. Ursery, — U.S. —, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), the instant criminal prosecution was not barred by the Double Jeopardy Clause. We must therefore reverse.
After the felony charges were filed, the Sheriff of Orange County filed a complaint pursuant to section 932.704, Florida Statutes (1995), seeking forfeiture of a 1987 Ford van, allegedly owned by the defendant and involved in the instant criminal charges. When the defendant did not respond to the complaint, a judgment of forfeiture was entered.
The defendant then filed a motion to dismiss the criminal charges, alleging that the judgment obtained in the civil forfeiture action constituted punishment for purposes of double jeopardy. The trial court granted the motion and dismissed all the pending criminal charges. Soon thereafter, the United States Supreme Court decided United States v. Ursery, — U.S. —, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), wherein the Court specifically held that in rem civil forfeiture proceedings are neither “punishment” nor criminal proceedings for purposes of the Double Jeopardy Clause of the Fifth Amendment.
REVERSED.
COBB and HARRIS, JJ., concur.